[Crim. No. 4681. First Dist., Div. Two. Nov. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. LEONARD W. BANKS, JR., Defendant and Appellant.

Donald ·G. Parachini, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Jay S. Linderman, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Banks and Anderson were jointly charged in one action with robbery and DeFelice was charged with the same offense in a separate action. The two actions were consolidated for trial. All three defendants were convicted by jury. Only Banks' appeal is before us.

None of the defendants testified or offered any evidence on the issue of guilt. DeFelice testified on *voir dire* on the issue of the admissibility of his confession. The court sustained the objection of appellant and Anderson to its admission as evidence against them and admonished the jury that "the statement that you are about to hear is binding only upon the defendant DeFelice and is not to be considered in any connection as far as the defendants Banks or Anderson are concerned." This is the only admonition or instruction given by the court on the subject.

The confession of DeFelice named appellant as the driver of the "getaway" car. It was obtained under conditions which violated the standards set forth in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], decided after the trial herein.

. The crucial issue on appeal is the collective effect of (1) the erroneous admission into evidence of DeFelice's confession, (2) the erroneous references by the trial prosecutor and the trial court to appellant's failure to testify and (3) the erroneous admission into evidence of an extrajudicial statement made by appellant to the police, similar to that considered in *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977].

FACTS:

On Sunday, February 2, 1964, about 8:10 a.m., a car containing three men drove up to a store located in a shopping center in the City of Fremont. Two of the men jumped out and, at gunpoint, held up the store. These two men were identified as DeFelice and Anderson. The driver of the car was not identified by any witness. The prosecution's theory is that he was the appellant.

Later that morning, a car proceeding along the highway at a point approximately 16 miles from the scene of the robbery was sirened down by a motorcycle police officer. The officer parked behind the car. Appellant emerged from the driver's seat and walked back toward the officer. Someone in the front seat slid across to the driver's side and drove off. The officer later identified this person as DeFelice. The officer thought he saw two persons in the back seat.

A short time later, upon being questioned, appellant stated that "he had been hitchhiking on the freeway near Winton Avenue and that this car had stopped and picked him up and that the people in the car were drunk and had asked him to drive the car."

This statement is consistent with the testimony introduced by the prosecution that there were three men in the car at the scene of the robbery, and four men in the car at the time the officer stopped it.

One of the witnesses called by the prosecution was a Barbara Banks, who was living with appellant on Tyler Street, in Oakland. She testified that he left from there on the morning of February 2, 1964, "about 8:00 o'clock, 8:30 or 9:00." If this were true, then appellant could not have been at the shopping center in Fremont at 8:10 a.m. on said day.

DeFelice's confession was obtained on February 7, 1964, at the Oakland City Jail. He was then in custody, having been arrested two days before. The investigation of the robbery had by that time focused upon him. The interrogation was by Lieutenant Crowder of the Fremont Police Department and the questions and answers were taken down in shorthand by a shorthand reporter employed by the Oakland Police Department. Said interrogation was confined to the robbery and was designed to elicit a confession from DeFelice that he had participated in its commission. There is no showing that DeFelice was advised of his right to counsel or of his right to remain silent. (*People* v. *Stewart*, 62 Cal.2d 571, 580-581 [43 Cal.Rptr. 201, 400 P.2d 97].) Under the rule of *Dorado*, *supra*, it was error to admit the confession in evidence.

The harmful effect of the confession upon appellant's defense of alibi is that it identifies him as the person who drove the "getaway" car from the scene of the robbery. It is the only evidence heard by the jury which does so.

*People* v. *Aranda*, 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], decided by our Supreme Court on November 12, 1965, involves the armed robbery of a jewelry store. A police officer testified at their joint trial that Martinez voluntarily confessed

that he and Aranda committed the robbery. On appeal from the judgments of conviction it was held that the confession was inadmissible under the exclusionary rule of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. The judgment against Martinez was therefore reversed.

The judgment against Aranda was also reversed, despite the fact that the trial court had instructed the jury on several occasions that the confession was to be considered as evidence only against Martinez, the declarant.

The opinion points out that "we have held that the erroneous admission into evidence of a confession implicating both defendants is not necessarily cured by an instruction that it is to be considered only against the declarant. [Citations.]"

The court concluded that such error had resulted in a miscarriage of justice as to Aranda, within the meaning of article VI, section 4½, of the California Constitution, in that "it is reasonably probable that a result more favorable to Aranda would have been reached had Martinez's confession been excluded [citing *People* v. *Watson,* 46 Cal.2d 818, 836 (299 P.2d 243)]."

*Appellant's failure to testify.* In its argument to the jury the prosecution commented upon the failure of appellant to testify and the court instructed the jury on the effect of such failure. The instruction given is substantially identical[1] with that given in *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], a criminal action which had been tried in a California state court.

The United States Supreme Court held therein that it was error for the trial prosecutor to comment to the jury on the failure of a defendant to testify and for the trial court to give the jury instruction quoted herein. That decision was filed on April 28, 1965, *after* the trial of the instant action. The able trial judge correctly followed the then existing case

---

[1] We have verified this by an examination of the *Griffin* transcript lodged with the California Supreme Court. The instruction given in the instant case is as follows: "It is the constitutional right of a defendant in a criminal trial that he *may not* be compelled to testify. Thus, whether or not he does testify rests entirely in his own discretion. As to any evidence or facts against him which a defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if though he does testify he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable. In this connection, however,

law. (See Witkin, Cal. Criminal Procedure (1963) Trial, § 449, p. 452; *People* v. *Modesto,* 62 Cal.2d 436, 447-454 [42 Cal.Rptr. 417, 398 P.2d 753], decided February 11, 1965.)

In *People* v. *Bostick,* 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529], decided June 3, 1965, our Supreme Court stated that *Griffin* holds that "our [California] comment rule violates the Fifth Amendment privilege against self-incrimination," but the court further stated, "Such error, unless it results in a miscarriage of justice, does not, however, automatically require a reversal if article VI, section 4½, of our Constitution is applicable to it. We are of the opinion that such section is applicable" (p. 823).

 *Appellant's extrajudicial admission.* On February 7, 1964, five days after appellant was arrested and placed in custody, Sergeant Wilson of the Alameda County Sheriff's Office interrogated appellant regarding his participation in the robbery. Appellant repeatedly denied any knowledge of the robbery. However, after over an hour of questioning, he made the following statement: "I would tell you, but my brother is in Tracy [a state penal institution] for driving a car in a 211." (The reference to "211" is to the Penal Code section so numbered, which defines the crime of robbery.)

The sergeant was allowed to testify to the foregoing statement over the objection of appellant's counsel. The prosecutor argued its significance to the jury. This statement was the only admission ever made by appellant that he could say something or had some knowledge concerning the robbery.

There is no question that the accusatory stage had been reached at the time of the interrogation and there is no showing that the appellant was advised of his right to have counsel or of his right to remain silent.

The undisputed circumstances are such that the exclusionary rule of *Dorado* and of *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (also decided after the

it should be noted that if a defendant does not have the knowledge that he would need to deny or explain any certain evidence against him, it would be unreasonable to draw an inference unfavorable to him because of his failure to deny or explain such evidence. The failure of a defendant to deny or explain evidence against him does not create a presumption of guilt or, by itself, warrant an inference of guilt, nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.

"In deciding whether or not to testify the defendant may choose to rely upon the state of the evidence and upon the failure, if any, of the People to prove every essential element of the charge against him, and no lack of testimony on a defendant's part will supply a failure of proof by the People so as to support by itself a finding against him on any such essential element."

trial of the instant case) is applicable. The appellant's incriminating statement should not have been admitted in evidence (*People* v. *Forbs,* 62 Cal.2d 847, 851 [44 Cal.Rptr. 753, 402 P.2d 825]).

Absent the confession of DeFelice, the inculpatory admission of appellant, and the references to appellant's failure to testify, we are of the opinion, after reviewing the entire cause, including the evidence, that it is reasonably probable that a result more favorable to appellant would have been reached. Therefore, a miscarriage of justice resulted within the meaning of article VI, section 4½, of our Constitution. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

Judgment reversed.

Shoemaker, P. J., and Taylor, J., concurred.